People of the State of Illinois, Defendant in Error, v.
Joseph F. Zawacki, Plaintiff in Error.

Gen. No. 49,580.

First District, Third Division.

January 21, 1965.

Joseph Zawacki, pro se, of Menard, plaintiff in error.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel), for defendant in error.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This case is before us having been transferred from the Supreme Court. Defendant prosecutes this writ of error to review a judgment of the criminal court of Cook County, entered in a bench trial after a plea of guilty, finding the defendant, Joseph Zawacki, guilty of the crime of armed robbery and sentencing him to from twenty years to life in the Illinois State Penitentiary.

In support of his appeal, defendant contends that (1) contrary to the express requirements of the Habitual Criminal Act (Ill Rev Stats 1957, c 38, §§ 603.1–603.9) the prosecutor filed a statement for increased penalty under said act on the day preceding the trial; (2) that no notice of intention to file such statement was given to the defendant or his attorney; (3) that defendant was on parole from a sentence of one year to life entered in 1935, and that under the Habitual Criminal Act, this prior sentence should have been vacated before sentencing the defendant in the present case; (4) that because the 1935 sentence was not vacated, the parole provisions of the Habitual Criminal Act cannot be carried out as required by Section 3 of said act, and (5) that the defendant's sentence does not conform with modern concepts of penology.

198

Upon the plea of guilty to armed robbery the following facts were set forth by stipulation:

On August 29, 1959 the defendant armed with a gun robbed a tavern owned by one Walter Millin in the city of Chicago. During the robbery, defendant threatened to kill Millin and kicked him. $330 was taken from the establishment. Defendant was arrested shortly after he left the tavern. While in the custody of the police, the defendant was positively identified by Millin, and in the presence of Millin he admitted the robbery.

After the court had found defendant guilty in conformity with his plea, the prosecutor filed a statement for increased penalty under the Habitual Criminal Act setting forth defendant's conviction in 1948 for armed robbery. A certified copy of the 1948 proceedings was attached to and made a part of the statement. During the hearing on the statement for increased penalty, defendant's attorney stated that the defendant was on parole from a one year to life sentence entered in 1935, and said, "The defendant on first conviction was given one year to life, and he has been in the penitentiary a total of 24 years." Earlier, at his arraignment, the defendant said, "I am on parole presently, one year to life, in '35 for $30 burglary, 24 years have elapsed under it; if you would be willing to accept the plea of guilty." Again, when the case was called for trial, defendant said, ". . . I am on parole in the penitentiary, one to life sentence now regardless what you give me now."

Defendant's first point, that the prosecutor filed a statement for increased penalty on the day preceding the trial, is not supported by the record. The common law record indicated that on October 23, 1959, the day of the trial, the court found the defendant guilty of the crime of armed robbery; that, subsequent to this finding, the prosecutor filed a statement for in-

creased penalty under the Habitual Criminal Act and that the court, after hearing arguments by the prosecutor and counsel for the defendant, denied the motion for increased penalty. There is nothing in the bill of exceptions to contradict the recitation in the common law record to the effect that the statement for increased penalty was filed *after* the trial had been completed and *after* the court had found the defendant guilty as charged, nor is there any entry showing a prior filing.

Regarding defendant's second point, since the court denied the prosecutor's motion for increased penalty, the defendant was not prejudiced by the alleged failure of the State to give him notice of intention to file a statement for increased penalty under the Habitual Criminal Act.

Even if the court had sentenced the defendant in accordance with the provisions of the Habitual Criminal Act, the defendant misconstrues the act when he claims, under his third point, that, since he was on parole from a one year to life sentence entered in 1935, the court was required to vacate said prior sentence before sentencing him in the present case. In support of his contention, defendant quotes the following language from Section 3 of the Habitual Criminal Act (Ill Rev Stats 1957, c 38, § 603.3):

> "If a sentence *previously* has been *imposed*, the court may vacate such sentence and impose a new sentence in accordance with Section 5 of this Act crediting the defendant with all time duly served under the sentence originally imposed." (Emphasis supplied.)

The above language has no application to the case at bar. There was no sentence *previously imposed* in the present case. The 1935 sentence was entered on a finding of guilty in a prior case. Section 3 gives

200

the prosecutor the right to file a statement for increased penalty after a plea or verdict of guilty and before sentence is imposed, or *after sentence is imposed and before the defendant has received his final and unconditional release and discharge from such sentence.* The language quoted by the defendant obviously applies to a situation where the statement for increased penalty is filed in a particular case after sentence has been imposed in such case, and such language gives the trial judge the discretion to vacate such sentence and impose a new sentence in accordance with the provisions of the statute; it does not give him authority to vacate a sentence entered on a finding of guilty in a prior case. The trial court could not properly have vacated defendant's 1935 sentence. To construe the above language as meaning that the court should have vacated the 1935 sentence and credited the defendant with all time duly served under such sentence could lead to the ridiculous result of allowing the defendant to receive a reduced penalty because of his prior conviction.

As to defendant's fourth point, our determination under point three, that the trial judge had no authority to vacate the 1935 sentence, disposes of any contention that a failure to do so violated the provisions of the Habitual Criminal Act. At any rate, as has been said, the defendant was not sentenced under the provisions of said act, and his arguments in respect thereto are not well taken.

■ ■ Under his last point, defendant contends that his sentence destroys all hope of future rehabilitation, and in support of this contention he cites the writings of two eminent penologists. While his contention may be valid from a penologist's viewpoint, nevertheless, the legislature has provided in the criminal code for the maximum sentence which may be

imposed for the crime of armed robbery. The minimum limit fixed by the court in sentencing the defendant was twenty years and the maximum limit was the maximum term provided by law for his crime, life. Under the facts in this case, we believe that the court was justified in imposing such sentence. In sentencing the defendant, it was proper to consider his prior record even though the court denied the prosecutor's motion for increased penalty. Section 2 of the Sentence and Parole Act (Ill Rev Stats 1957, c 38, § 802) provides in part:

> "For the purpose of determining the minimum and maximum limits or duration of imprisonment, the court may, after conviction of the person, consider the evidence, if any, received upon the trial, and the evidence, if any, as to aggravation and mitigation of the offense, received on a plea of guilty, *and may also hear and receive evidence as to* the moral character, life, family, occupation, and *criminal record,* if any, of such person so convicted." (Emphasis supplied.)

The defendant, by his own admission was on parole from a one year to life sentence. His own attorney stated to the court that the defendant had been in the penitentiary a total of 24 years. The prosecutor presented evidence of a prior conviction for armed robbery entered in 1948. Under the circumstances, the trial judge, in sentencing the defendant, may well have determined that the defendant could not be rehabilitated. For this court to say that the defendant's sentence is invalid, because it allegedly fails to take into consideration the possible rehabilitation of prisoners, would require us to ignore the statute fixing the permissible limits of a sentence for armed robbery. This we cannot do.

The judgment of the criminal court of Cook County is affirmed.

Affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.